IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL GREEN,<br>No. 16620-034,<br><br>    Plaintiff,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 014-cv-00119-MJR<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

  Plaintiff Nathaniel Green, an inmate in the custody of the Bureau of Prisons, brings suit under Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, for allegedly negligent medical diagnosis and care he received while housed at the Federal Correctional Center in Greenville, Illinois.

  More specifically, the complaint alleges that in March 2009 Plaintiff sought medical care for a skin rash and stiffness on his right foot. Named healthcare professionals at FCI Greenville prescribed an anti-fungal cream. Over time, the cream proved ineffective, the condition of the foot deteriorated, and the pain increased. Plaintiff repeatedly sought further care, but medical personnel generally stayed the course and often became annoyed with Plaintiff's insistence that there was a more serious problem. Plaintiff even suggested that he could have peripheral artery disease, but no one agreed with his self-diagnosis. On September 12, 2011, Plaintiff was finally diagnosed with severe arterial disease. A vascular surgeon was consulted, who indicated that Plaintiff was at high risk of losing his right leg. By the time surgery was performed at the end of October 2011, an above-the-knee amputation was required.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

The FTCA is the exclusive avenue for securing monetary damages for the negligence of government employees. *See* 28 U.S.C. § 1346(b)(1); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013). The United States is the only proper defendant to an FTCA case. *See* 28 U.S.C. § 2679(b). The Bureau of Prisons has a statutory duty to care for prisoners in its custody (18 U.S.C. § 4042(a)(2)). In addition, it is noted that administrative remedies appear to have been exhausted. Consequently, the complaint states colorable claims regarding the failure of prison medical staff to properly diagnose and treat Plaintiff. Therefore, the case shall proceed. The Court offers no opinion regarding whether the four-year statute of limitations period has any impact upon Plaintiff's claims.

**IT IS THEREFORE ORDERED** that the complaint shall **PROCEED** against the **UNITED STATES OF AMERICA**.

The Clerk of Court shall prepare for Defendant: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). Pursuant to Federal Rule of Civil Procedure 4(i)(1), the Clerk shall (1) deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States

Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order; and (3) send by registered or certified mail to the Bureau of Prisons at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The United States of America is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be decided by separate order.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 3, 2014**

                                              s/ *Michael J. Reagan*
                                              **MICHAEL J. REAGAN**
                                              **UNITED STATES DISTRICT JUDGE**