IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHANIEL GREEN,                          )
                                          )
      Plaintiff,                          )
                                          )
    v.                                  )          Case No. 3:14-cv-119-NJR-DGW
                                          )
UNITED STATES OF AMERICA,                 )
TIMOTHY ADESANYA, MIKE VARNUM, )
and NURSE GOLDSTEIN,                      )
                                          )
      Defendants.                         )

## ORDER

**WILKERSON, Magistrate Judge:**

    Plaintiff Nathaniel Green is currently in the custody of the Federal Bureau of Prisons at FCI Greenville.  Plaintiff initiated this action on February 3, 2014 asserting a claim under the Federal Tort Claims Act ("FTCA") against the United States of America.  Plaintiff was subsequently recruited counsel and filed an amended complaint on December 1, 2014, which the Court construed as a motion for leave to file an amended complaint (Doc. 35).   For the reasons set forth below, the motion to amend is **GRANTED IN PART AND DENIED IN PART**.

### FACTUAL BACKGROUND

    Plaintiff's allegations in this case relate to a medical condition that developed in his right foot in March, 2009 while he was housed at FCI Greenville.  Plaintiff sought medical treatment for his foot condition, complaining that it caused him pain and impeded his ability to walk or undertake any physical activity.  Plaintiff was seen by various medical personnel who recommended different courses of treatment, such as anti-fungal cream and antibiotics.  Plaintiff did not receive any relief and, in October, 2011, Plaintiff was diagnosed with atherosclerosis and

critical ischemia of his right leg.   An outside surgeon attempted to surgically repair Plaintiff's leg arteries; however, the surgery was unsuccessful and Plaintiff underwent an above-the-knee amputation of his right leg on October 31, 2011.   Plaintiff filed an administrative claim with the United States Bureau of Prisons on March 5, 2013, which was ultimately denied on August 21, 2013.   Plaintiff's complaint was screened on March 3, 2014, and he was allowed to proceed on his FTCA claim against the United States.

Plaintiff now seeks leave to amend his complaint to add a claim of deliberate indifference against the United States and three additional defendants and drop his FTCA claim.   More specifically, Plaintiff seeks to add Nurse Goldstein, Nurse Mike Varnum, and Physician Assistant Timothy Adesanya as defendants to this action alleging they failed to provide adequate medical treatment for Plaintiff's serious medical condition.

### DISCUSSION

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to amend should be freely given "when justice so requires".   The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).   This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).    A court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court finds that Plaintiff's allegations against Adesanya, Goldstein, and Varnum state a cognizable deliberate indifference claim.   Accordingly, justice so requires that Plaintiff be

granted leave to add Timothy Adesanya, Nurse Goldstein, and Mike Varnum as Defendants to this action, as there was no apparent undue delay in the filing of the proposed amended complaint, nor is it apparently dilatory or frivolous. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 948-49 (7th Cir. 2002) ("courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile.")).   However, the Court finds that Plaintiff cannot maintain his deliberate indifference claim against the United States.   Pursuant to the doctrine of sovereign immunity, the United States is generally immune from suits unless it expressly waives its immunity and consents to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008).   Plaintiff cites to no statute where the United States has waived immunity for claims under 42 U.S.C. § 1983.   Although the Federal Tort Claims Act waives the United States' sovereign immunity for claims arising out of torts committed by federal employees, it appears that Plaintiff is now abandoning his FTCA claim.   Accordingly, Plaintiff's deliberate indifference claim against the United States is barred by sovereign immunity and, as such, allowing Plaintiff to amend his complaint to bring only a deliberate indifference claim against the United States is futile.

Accordingly, Plaintiff's motion to amend the complaint is **GRANTED IN PART AND DENIED IN PART**.   Plaintiff is **DIRECTED** to refile his Amended Complaint by **April 17, 2015**, including only those claims and defendants the Court has indicated may proceed in this action.

**IT IS SO ORDERED.**

**DATED: April 9, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**