IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-119-NJR-DGW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court is Plaintiff's Second Amended Complaint (Doc. 42), which the Court construes as a Motion for Leave to File an Amended Complaint, and Defendant's Motion for Extension of Time to File an Answer (Doc. 43). For the reasons set forth below, Plaintiff's Motion for Leave to File is **GRANTED** and Defendant's Motion for Extension of Time (Doc. 43) is **GRANTED**.

On December 1, 2014, Plaintiff, through his recruited counsel, filed an Amended Complaint that the Court construed as a motion for leave to file an amended complaint (Doc. 31). Plaintiff's motion was granted in part and denied in part (Doc. 37). Specifically, the Court found that Plaintiff's proposed amended complaint stated a cognizable deliberate indifference claim against Nurse Goldstein, Nurse Mike Varnum, and Physician Assistant Timothy Adesanya. The Court also found that Plaintiff's proposed claim for deliberate indifference against the United States was barred by sovereign immunity and, as such, denied his request for leave to bring such a claim. Plaintiff was directed to file his amended complaint, including only those claims and defendants the Court indicated could proceed in this action.

On July 2, 2015, Plaintiff filed his Second Amended Complaint, which is now before the Court as a motion for leave to file an amended complaint, as Plaintiff seeks to add additional claims that have not been screened by the Court. In his proposed Second Amended Complaint, Plaintiff seeks leave to add claims against the United States of America for negligence in failing to provide Plaintiff with adequate medical care and failing to properly supervise employees. Plaintiff also seeks to add Dr. Jack R. Oak as a defendant in this action, setting forth a claim of medical malpractice. Attached to Plaintiff's proposed second amended complaint is the affidavit of Plaintiff's attorney Catherine Goldhaber, which complies with the provisions of 735 ILCS § 5/2-622.

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to amend should be freely given "when justice so requires". The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court finds that the claims set forth in Plaintiff's proposed second amended complaint are neither unduly delayed nor futile. Accordingly, justice so requires that Plaintiff be **GRANTED** leave to file his second amended complaint. The Court notes that the Second Amended Complaint has already been filed; thus, it need not be refiled. Plaintiff's Second Amended Complaint is now the operative complaint in this matter. Defendant United States of

America is **GRANTED** an extension of time, up to and including **October 9, 2015**, to answer or otherwise respond to Plaintiff's Second Amended Complaint.

The Clerk of Court shall prepare for Defendants **Timothy Adesanya, Nurse Goldstein, Mike Varnum,** and **Jack R. Oak, M.D.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: August 27, 2015**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**