IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-119-NJR-DGW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| TIMOTHY ADESANYA, MIKE | ) |
| VARNUM, NURSE GOLDSTEIN, and | ) |
| DR. JACK R. OAK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Motion for Reconsideration and Alternative Motion for Leave to File Interlocutory Appeal filed by Defendant Jack R. Oak, M.D. ("Defendant Oak") (Doc. 81). On June 29, 2016, the undersigned *sua sponte* reconsidered its ruling on the Motion for Leave to Conduct Jurisdictional Discovery (Docs. 62 and 76) filed by Plaintiff Nathaniel Green ("Green") and granted Green leave to propound five interrogatories under Rule 33 and five requests to produce under Rule 34 upon Defendant Oak relating to personal jurisdiction (*See* Doc. 91). In light of those discovery responses, and for the reasons set forth below, the Court grants Defendant Oak's Motion for Reconsideration.

## Introduction

On February 3, 2014, Green initiated this action *pro se*, pursuant to the Federal Tort Claims Act ("FTCA"), alleging that healthcare providers at Greenville Federal

Correctional Institution ("FCI Greenville") failed to adequately treat his peripheral artery disease, causing him to undergo an above-the-knee leg amputation. On August 13, 2014, the Court appointed attorney Catherine E. Goldhaber to represent Green in this matter. The Court granted Green leave to file an amended complaint and, on July 2, 2015, Green filed his Second Amended Complaint (*see* Doc. 42), which is the operative complaint in this matter. Currently, Green is proceeding against the United States of America on two negligence claims, a deliberate indifference claim against Defendants Timothy Adesanya, Nurse Goldstein, and Mike Varnum, and a medical malpractice claim against Defendant Oak.

On October 20, 2015, Defendant Oak filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 60), which this Court denied (*see* Doc. 76). Following the Court's Order, Defendant Oak filed the Motion for Reconsideration now before the Court (Doc. 81). In his motion, Defendant Oak asks the Court to reconsider its ruling on his Motion to Dismiss pursuant to Rule 59(e) of the Federal Rules of Civil Procedure asserting that the Court's reasoning was not in accord with binding Supreme Court precedent. In the alternative, Defendant Oak asks the Court for leave to file an interlocutory appeal to resolve the issue. Green timely responded to Defendant Oak's motion (Doc. 89).

On June 29, 2016, the undersigned, recognizing that discovery may be necessary to ascertain additional information on the circumstances surrounding Defendant Oak's treatment of Green, *sua sponte* reconsidered its ruling on Green's Motion for Leave to Conduct Jurisdictional Discovery (Docs. 62 and 76) and granted Green leave to

propound five interrogatories under Rule 33 and five requests to produce under Rule 34 upon Defendant Oak relating to personal jurisdiction (*See* Doc. 91). This discovery was limited to the following topics initially suggested by Green: how Defendant Oak was located, who at FCI Greenville spoke with Defendant Oak, whether Defendant Oak entered into a contract or agreement with FCI Greenville to treat Green and/or other prisoners, and how and by whom Defendant Oak was compensated for his treatment of Green and/or other FCI Greenville prisoners.

After engaging in discovery, on August 23, 2016, Defendant Oak filed a "Supplemental Memorandum Re Motion to Reconsider" (Doc. 96). On August 26, 2016, Green filed a Supplemental Response in Opposition to Defendant Oak's Motion for Reconsideration (Doc. 97). On September 9, 2016, Defendant Oak filed a Reply to Green's Supplemental Response in Opposition to Defendant Oak's Motion for Reconsideration (Doc. 98). The reply brief properly set forth exceptional circumstances that justify the filing of a reply brief in accordance with Local Rule 7.1(c). Accordingly, Defendant Oak's reply brief will be considered by the Court.

**Legal Standard**

Although Defendant Oak brings his motion for reconsideration citing to Federal Rule of Civil Procedure 59(e), the motion is governed by Rule 54(b) because the order denying the motion to dismiss did not adjudicate all claims and final judgment has not been entered. FED. R. CIV. P. 54(b) (Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also Encap, LLC v. Scotts Co., LLC*, No. 11-C-685, 2014 WL 6386910, at *1

(E.D. Wis. Nov. 14, 2014) ("Fed. R. Civ. P. 59(e) is not applicable here since no final judgment has been entered."). Regardless, "motions to reconsider an order under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick,* 725 F. Supp. 2d 809, 828 (W.D. Wisc. 2010).

A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The Court has the inherent power to reconsider non-final orders, as justice requires. *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995) ("[A] motion to reconsider an interlocutory order may be entertained and granted as justice requires"). A motion to reconsider "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). "Disposition of a motion for reconsideration is entrusted to the district court's discretion." *Hamzah v. Woodman's Food Market, Inc.*, No. 13-cv-491-wmc, 2016 WL 3248608, at *2 (W.D. Wisc. Jun. 13, 2016) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

## Discussion

In conducting a specific personal jurisdiction analysis, the Court initially found that it could exercise personal jurisdiction over Defendant Oak because it appeared that

"Defendant Oak accepted [Green] as a patient and treated [Green] knowing that [Green] was a federal inmate housed at FCI Greenville, located in Illinois." (Doc. 76, p. 6). The Court also emphasized that it appeared that Defendant Oak "effectively entered into an agreement with FCI Greenville, a facility located in Illinois, to treat an Illinois resident." (*Id*.).

Discovery has since revealed, however, that Defendant Oak first became aware of Green "when the office staff [at St. Louis Surgical Consultants] set up an appointment." (Doc. 96-1, pp. 1). Defendant Oak elaborated that he "had no direct contact with anyone at the prison at anytime prior to seeing the patient." (*Id*.). After Defendant Oak met with Green, he cannot recall whom he spoke with or whether he had any communication with anyone at FCI Greenville, however, he states that it is generally his "practice to call back the referring entity/person and likely to send the referring entity/person a copy of his office note." (Doc. 96-1, p. 2). Additionally, Defendant Oak has no knowledge of how this specific treatment was paid for, but he believes that a bill would have been sent to the prison facility and it would have been paid by the facility or its insurer (*Id*.).

Defendant Oak also indicated that he never personally entered into a verbal agreement or written contract with anyone at FCI Greenville or the Bureau of Prisons to treat inmates at the FCI Greenville facility (*Id*.). Defendant Oak was unable to provide any items responsive to Green's Request for Production, indicating that he is unaware of any written agreements or contracts concerning the treatment of Green or inmates at FCI Greenville (Doc. 96-2, p. 1). Defendant Oak is no longer employed with St. Louis Surgical

Consultants, and he states that he does not have access to any past correspondence, records, or bills relating to this case (Doc. 96-2, p. 2).

Defendant Oak cites to the Supreme Court decision of *Walden v. Fiore*, 134 S. Ct. 1115 (2014), to argue that the Court lacks personal jurisdiction over him because he did not create the contact with Illinois. In *Walden*, the Supreme Court considered whether the defendant police officer who seized the plaintiff's property in Georgia could be hauled into court in Nevada. 134 S. Ct. 1115 (2014). More specifically, the defendant-officer in *Walden* seized a large amount of cash from the plaintiffs while they were in a Georgia airport awaiting a flight to Nevada. *Id.* at 1119. After the plaintiffs returned to their Nevada residence, the defendant-officer helped draft a probable cause affidavit in support of the funds' forfeiture and forwarded it to a United States Attorney's Office in Georgia. *Id.* The plaintiffs filed suit against the defendant-officer in Nevada, which the district court dismissed for lack of personal jurisdiction, and the Ninth Circuit reversed. *Id.* at 1120.

The Supreme Court reversed the Ninth Circuit. In finding that Nevada could not assert personal jurisdiction over the defendant-officer, the Supreme Court reiterated that in order "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State," and said relationship "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 1121-22 (citation omitted). Further, the Supreme Court clarified that the "'minimum contacts' analysis looks to the defendant's contacts

with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122 (citations omitted).

The recent discovery reveals that Defendant Oak did not purposefully direct his activities to Illinois. There is no evidence that Defendant Oak solicited patients from Illinois or initiated the contact with Green. The office staff of St. Louis Surgical Consultants added Green's name to Defendant Oak's schedule following a referral from Defendant Adesanya. Defendant Oak then received Green as a patient when he first treated him on October 14th.

Further, there is no evidence that Defendant Oak had any sort of contract with FCI Greenville or the Bureau of Prisons to receive inmate patients. Instead, the only contact Defendant Oak had with Illinois was the possible phone call to FCI Greenville concerning Defendant Oak's office note. But this does not amount to the minimum contacts necessary for personal jurisdiction to exist. *See Unterreiner v. Pernikoff*, 961 N.E.2d 1, 3 (Ill. App. Ct. 2011) (the defendant's follow-up consultation to the plaintiff over the phone while the plaintiff was in Illinois did not amount to minimum contacts necessary for personal jurisdiction); *see generally Fisher v. A.C.J. Chaston*, No. 95 C 3127, 1995 WL 571400, at *2 (N.D. Ill. Sept. 25, 1995) (telephone communications by themselves are generally not enough to establish minimum contacts with Illinois). The only other thing tying Defendant Oak to Illinois is the fact that Green lives there, but this alone cannot support the exercise of personal jurisdiction over Defendant Oak. *Walden*, 134 S. Ct. at 1122 ("the plaintiff cannot be the only link between the defendant and the forum.

Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

To the extent Green argues that Defendant Oak has changed his story over the course of discovery, the Court disagrees. The Court has compared Defendant Oak's original affidavit (Doc. 61-2) with his discovery responses (Docs. 96-1 and 96-2), and the Court does not see any inconsistencies, just further elaboration on the circumstances surrounding Defendant Oak's treatment of Green. Nor is the Court convinced by Green's argument that convenience and efficiency warrant this Court's exercise of jurisdiction over a defendant who has no contacts, ties, or relations to Illinois.

Thus, upon reconsideration, and with the benefit of discovery, the Court finds that it does not have jurisdiction over Defendant Oak in this action.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant Oak's Motion for Reconsideration (Doc. 81). The Court **VACATES** the original Order dated April 22, 2016 and **GRANTS** Defendant Oak's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 60). Defendant Oak is **DISMISSED without prejudice** pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

**IT IS SO ORDERED.**

DATED: October 26, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**