**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| NATHANIEL GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CV-119-NJR-DGW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| TIMOTHY ADESANYA, | ) | |
| NURSE GOLDSTEIN, | ) | |
| and MIKE VARNUM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the motions for summary judgment filed by Defendants Nurse Goldstein and Mike Varnum (Doc. 104) and Timothy Adesanya (Doc. 118). For the reasons set forth below, the motions are granted.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Nathaniel Green, an inmate in the custody of the United States Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"), filed this lawsuit on February 3, 2014, pursuant to the Federal Tort Claims Act ("FTCA") (*see* Doc. 1). Green alleged that healthcare professionals at FCI Greenville failed to adequately diagnose and treat severe arterial disease in his right leg that led to an above-the-knee amputation. Green's complaint was screened pursuant to 28 U.S.C. § 1915A, and he was allowed to proceed on a negligence claim against the United States of America under the FTCA (*see* Doc. 5).

Subsequently, counsel was appointed to represent Green in this matter. Green, through counsel, filed an amended complaint on July 2, 2015 (though it was not approved for filing until August 27, 2015), captioned as the second amended complaint (*see* Doc. 42). Green's second amended complaint, the operative complaint in this matter, sets forth the following claims:

Count I: Medical negligence claim against the United States of America for its failure to provide Green with adequate care (brought pursuant to the FTCA);

Count II: Negligence claim against the United States of America for its failure to properly supervise employees (brought pursuant to the FTCA);

Count III: Eighth Amendment deliberate indifference claim against Timothy Adesanya, Nurse Goldstein, and Mike Varnum for failing to provide medical care; and

Count IV: Medical malpractice claim against Dr. Jack R. Oak.

Defendant Dr. Jack Oak was dismissed on October 26, 2016 (*see* Doc. 99). Thus, Green currently proceeds on Counts I, II, and III.

Defendants Goldstein, Varnum, and Adesanya filed motions for summary judgment that are now before the Court (*see* Docs. 104 and 118[1]). Defendants argue they are entitled to summary judgment because Green failed to timely file this action under the applicable statute of limitations. Green timely responded to Defendants' motions (*see* Docs. 105 and 120).

---

[1] Defendant Adesanya's motion for summary judgment was filed much later than the motion filed by Defendants Goldstein and Varnum because Defendant Adesanya was not served with summons until April 30, 2017.

**Exhaustion Efforts**

Relevant to the statute of limitations issue are Green's efforts to exhaust his administrative remedies for both his *Bivens* claims and his claims brought pursuant to the FTCA. The parties do not dispute the following facts concerning Green's efforts at exhausting his administrative remedies.

As mentioned above, Green's claims in this matter concern the failure of medical personnel at FCI Greenville to adequately treat and diagnose Green with peripheral artery disease resulting in above-the-knee amputation of his right leg. The amputation occurred in October 2011. Soon thereafter, Green initiated the BOP's internal administrative remedy procedures by submitting an institution-level request (BP-9) on January 19, 2012, seeking monetary compensation (*see* Doc. 104-1, p. 26). Green's BP-9 was denied on February 4, 2012, and he was advised that monetary compensation was not available through the administrative remedy process, but was advised that he may file a claim for money damages for personal injury under the FTCA (*see id.* at p. 25).

In accordance with the administrative remedy process, Green submitted a BP-10 to the Regional Director on March 7, 2012 (*see* Doc. 104-1, p. 24). The BP-10 was denied by the Regional Director on March 21, 2012 (*see id.* at p. 23). Finally, Green appealed his issue to the BOP Central Office by filing a BP-11 on April 9, 2012 (*see id.* at p. 22). The Central Office denied the appeal on October 11, 2012 (*see id.* at p. 21).

Following the Central Office's denial of his BP-11, Green filed a Form 95 Claim for Damage Injury or Death to pursue an FTCA claim on March 5, 2013 (Doc. 42, ¶ 53). Green's claim was denied on August 21, 2013 (Doc. 1, ¶ 89).

**LEGAL STANDARDS**

### 1. Summary Judgment Standard

Summary judgment is proper only if the moving party can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

## 2. Statute of Limitations

Although *Bivens* actions do not contain an express statute of limitations, it is well established in the Seventh Circuit that in such actions, like actions brought pursuant to 42 U.S.C. § 1983, the statute of limitations and tolling laws in the state where the alleged injury occurred are applied. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996).

Illinois law prescribes that actions for personal injury must be commenced within two years after the cause of action accrued; thus, this case is governed by a two-year statute of limitations period. 735 ILCS § 5/13-202; *see Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted). Further, pursuant to 735 ILCS 5/13-216, "[w]hen the commencement of an action is stayed by … *statutory prohibition*, the time of the continuance of the…prohibition is not part of the time limited for the commencement of the action" (emphasis added). Because the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing suit under § 1983, the Seventh Circuit Court of Appeals has held that a federal court relying on the Illinois statute of limitations in §1983 cases *must* toll the limitations period while a prisoner completes the administrative grievance process. *See* 42 U.S.C. § 1997(e)(a); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). This tolling principle is equally applied to *Bivens* actions. *See Delgado*, 93 F.3d at 342.

1.  **Tolling of the Statute of Limitations**

Defendants Goldstein, Varnum, and Adesanya assert that the *Bivens* claims against them are untimely and, as such, must be dismissed. In support of their argument, Defendants rely on the two-year statute of limitations period. Specifically, Defendants assert that Green's claim accrued on the date he underwent surgery for an above-the-knee amputation, October 31, 2011, or, at the very latest, on January 19, 2012, when Green initiated his administrative remedy appeals regarding the treatment at issue. Defendants also recognize that the limitations period was tolled while Green was engaging in the administrative remedy process; however, Defendants contend that the tolling period ended on October 11, 2012, when Green received his final response from the Central Office. Accordingly, Defendants argue that the statute of limitations period ended, at the very latest, on October 11, 2014, but Green failed to assert any claim against them until he sought to file an amended complaint on December 1, 2014.[2]

Green objects to Defendants' argument on the issue of tolling. In particular, Green asserts that his *Bivens* claim against Defendants was tolled until his last administrative remedy was denied on August 21, 2013, causing his statute of limitations to expire on August 21, 2015, well before Green first sought to assert claims against Defendants. The crux of Green's argument is that his efforts to engage in the

---

[2] On December 1, 2014, Green sought to file an amended complaint that set forth claims against Defendants Adesanya, Goldstein, and Varnum; however, the Court granted in part and denied in part Green's motion to amend and directed him to file a second amended complaint. Green's second amended complaint was filed on July 2, 2015, but the Court did not deem it operative until August 27, 2015 (*see* Doc. 45).

administrative process to pursue an FTCA claim should toll the limitations period for not only his FTCA claim, but also his *Bivens* claims. In support of his position, Green suggests that "[f]orcing a prisoner… to be aware of and comply with two separate and distinct statutes of limitations for claims arising from the same event would…likely lead to *pro se* prisoners filing multiple claims to address the same issues and injuries—one against the individual defendants alleged to have committed a constitutional violation and a second against the United States" (*see* Doc. 105, p. 5).

Significantly, the parties did not provide any relevant or persuasive case law to support their respective positions from this Circuit. Indeed, it appears that the only relevant case to address the issue of whether a *Bivens* claim may be tolled while a plaintiff pursues the administrative process to file an FTCA claim is *Roseboro v. Brown*, a case from the Eastern District of Virginia. In *Roseboro*, the court determined that the "mere fact that plaintiff had to comply with two different exhaustion and timeliness requirements does not warrant equitable tolling of the statute of limitations in his *Bivens* claim." No. 1:13cv513 LO/TRJ, 2015 WL 631352, at *5 (E.D. Va. Feb. 12, 2015). The court further noted that the processing of the plaintiff's FTCA claim had no impact on the timeliness of the filing of his *Bivens* action. *Id.*

Although *Roseboro* only has limited persuasive value in this Court, the reasoning applied is relevant here. In particular, though the Court is mindful of Green's argument concerning the efficiency of filing a lawsuit after all of the required administrative remedies are complete, the processing of Green's administrative remedy for his FTCA claim had no impact on Green's ability to file his *Bivens* action. Indeed, at the time

Green filed his initial complaint in this matter, the administrative remedy process related to both his FTCA and *Bivens* claims was complete. Thus, the Court need not decide whether a plaintiff should be entitled to equitable tolling in instances where he waited to file suit until all of his administrative claims were decided, because the facts here do not align with such a circumstance. Accordingly, the Court finds that Green's statute of limitations on his *Bivens* claim was tolled until October 11, 2014, and his second amended complaint was untimely as to Defendants Adesanya, Varnum, and Goldstein.

## 2. Relation Back

In light of this ruling, the Court considers whether Green's claims against Defendants Adesanya, Varnum, and Goldstein relate back to Green's original complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The parties do not dispute that Rule 15(c)(1)(C) applies to this case.

In relevant part, Rule 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Defendants do not dispute that the requirements of Rule 15(c)(1)(B) have been satisfied (that the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading). Defendants contend, however, they had no knowledge of this lawsuit until they received waivers of service in 2015 (as to Varnum and Goldstein) or until they were contacted about a possible deposition in 2017 (as to Adesanya). Defendants also assert that Green cannot establish that they "knew or should have known" that this action would have been brought against them, and any such knowledge should not be imputed to them.

First, the Court considers the requirements of Rule 15(c)(1)(C)(i) and whether Defendants will be prejudiced if they are made to defend this suit on the merits. In support of their motion, Defendants explain that they did not receive notice of this lawsuit until 2015 or 2017, and this significant delay in receiving notice would prejudice them, because they last rendered medical treatment to Green over four years ago.

Green objects to this argument, asserting that Defendants have failed to show any prejudice aside from the passage of time, and they have not suggested they are unable to access any piece of evidence that could assist them in this litigation. The Court disagrees. Green's claims in this matter necessarily require Defendants to recall events that occurred approximately six years ago. Although Green minimizes the effect the passage of time would have on this case, the Court finds it to be significant and unduly prejudicial. *See Drake v. United States*, Case No. 2:14-cv-00386-JMS-DKL, 2016 WL 4088724, at *4 (S.D. Ind. Aug. 1, 2016). Moreover, this is not a case in which Defendants

knew or should have known that this action would be brought against them. FED. R.

CIV. P. 15(c)(1)(C)(ii). There was no mistake in the filing of Green's original complaint.

Finally, Green asks the Court to find that his second amended complaint relates

back to his original complaint pursuant to Rule 15(c)(2). Rule 15(c)(2) provides that:

> When the United States or a United States officer or agency
> is added as a defendant by amendment, the notice
> requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if,
> during the stated period, process was delivered or mailed to
> the United States attorney or the United States attorney's
> designee, to the Attorney General of the United States, or to
> the officer or agency.

By relying on this provision, Green asks the Court to reject Seventh Circuit

precedent that clearly proscribes the application of this provision to instances in which

an officer is sued in his or her individual capacity. *See Lojuk v. Johnson*, 853 F.2d 560, 562-

63 (7th Cir. 1988) (finding that Rule 15(c) was not intended to hold individual federal

employees liable for batteries committed beyond the period of limitations and noting

that "[i]f either Congress or the drafters of the Civil Rules had intended to wipe out the

defense of the statute of limitations otherwise available to federal officers, there would

certainly have been a clearer indication."); *see also Delgado-Brunet v. Clark*, 93 F.3d 339,

344 (7th Cir. 1996). Although Green attempts to distinguish the factual underpinnings of

this case from those in *Lojuk*, Green has not provided a compelling argument for the

Court to contravene established precedent. Accordingly, the Court concludes that

Green's second amended complaint does not relate back to his original complaint.

## CONCLUSION

For the reasons set forth above, the motions for summary judgment filed by Defendants Goldstein and Varnum (Doc. 104) and Defendant Adesanya (Doc. 118) are **GRANTED**. Defendants Goldstein, Varnum, and Adesanya are **DISMISSED with prejudice**.

Green now proceeds in this action against the United States of America on claims brought pursuant to the Federal Tort Claims Act (Counts I and II of the second amended complaint).

**IT IS SO ORDERED.**

**DATED: September 25, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**